# IN THE COURT OF APPEALS OF IOWA

No. 21-0612
Filed August 31, 2022

MARY FANKHAUSER and PAUL FANKHAUSER,
    Plaintiffs-Appellants,

vs.

HONEYWELL INTERNATIONAL, INC.; HONEYWELL INTERNATIONAL, INC. as successor to ALLIEDSIGNAL, INC. Successor to BENDIX CORP; PNEUMO ABEX LLC, and PNEUMO ABEX LLC. Successor in interest to ABEX CORPORATION; BORGWARNER MORSE TEC LLC as Successor in interest to BORGWARNER CORPORATION; DCO LLC; ARVINMERITOR, INC.; INTERNATIONAL TRUCK AND ENGINE CORPORATION; GENUINE PARTS COMPANY Successor in interest to NATIONAL AUTOMOTIVE PARTS ASSOC., A/K/A NAPA; BORGWARNER MORSE TEC LLC; WESTROCK MWV LLC; MIDWEST WHEEL COMPANIES, INC.; NAVISTAR, INC.; MILWAUKEE ELECTRIC TOOL CORPORATION; O'HALLORAN INTERNATIONAL, INC.; LESEY HAYES COMPANY; FORD MOTOR COMPANY; UNION CARBIDE CORPORATION; DEERE & COMPANY; WESTROCK MWV LLC Successor in interest to MEAD CORPORATION,
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Plaintiffs in an asbestos action appeal a district court's ruling that granted two defendants' motions for summary judgment based on Iowa Code section 686B.7(5) (2018). **REVERSED.**

Brian P. Galligan of Galligan Law, P.C., Des Moines, for appellants.

Mark R. Bradford and David M. Dahlmeier and Jonathan Casillo Marquet of Bassford Remele P.A., Minneapolis, Minnesota, for appellees Honeywell

International, Inc. and Honeywell International, Inc. as successor to Alliedsignal Inc. Successor to Bendix Corporation.

Margaret Mary Chaplinsky of Kalinoski & Chaplinsky, Des Moines, and Reagan William Simpson, Houston, Texas, for appellees Pneumo Abex LLC., Successor in interest to Abex Corporation, Borgwarmer Morse Tec LLC as successor in interest to Borgwarmer Corporation, Borgwarmer Morse Tec LLC, DCO LLC, Lesley Hayes Company, and Union Carbide Corporation.

Scott Michael Flaherty, Minneapolis, Minnesota, for appellee ArvinMeritor, Inc.

International Truck and Engine Corporation, self-represented.

Michael Murphy Skram of O'Meara, Leer, Wagner & Kohl, P.A., Minneapolis, Minnesota, for appellee General Parts Company successor in interest to National Automotive Association, a/k/a NAPA.

Westrock MWV LLC and Westrock MWV LLC successor in interest to Mead Corporation, self-represented.

Nathan McConkey and Richard Gittins Book, West Des Moines, and Jessica Lynn Cleereman, Des Moines, for appellee Midwest Wheel Companies, Inc.

Steven Reitenour, Minneapolis, Minnesota, for appellee Navistar, Inc.

Alexander E. Wonio, Des Moines, for appellee Milwaukee Electric Tool Corporation.

Donna Renae Miller of Miller, Zimmerman & Evans, P.L.C., Des Moines, for appellee O'Halloran International, Inc.

Thomas Michael Boes, Des Moines, and Jason Madden of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee Ford Motor Company.

Deere & Company, self-represented.

Considered by Bower, C.J., and Vaitheswaran, and Schumacher, JJ.

**SCHUMACHER, Judge.**

Mary and Paul Fankhauser (Fankhausers) appeal a district court ruling that granted Honeywell International, Inc.'s (Honeywell) and Pneumo Abex LLC's (Abex) (collectively, the defendants) motions for summary judgment. The Fankhausers also appeal the court's denial of their motion to reconsider. We find the district court misinterpreted Iowa Code section 686B.7(5) (2018) by limiting liability to defendants that mine, process, or refine asbestos. Accordingly, we reverse.

**I.      Background Facts & Proceedings**

Paul Fankhauser worked for the Iowa Department of Transportation (IDOT) from 1968 to 2006. During that time, he worked in several positions including an equipment operator, highway maintenance, truck driver, mechanic's helper, and mechanic. He learned that he had malignant pleural mesothelioma in December 2016.

On April 18, 2018, the Fankhausers filed a petition in district court against multiple businesses, including Honeywell and Abex. The petition claimed that Paul's mesothelioma was caused by asbestos released into the air from products Paul worked with at his job, including various brake parts. Abex manufactured and sold asbestos-containing friction materials and clutch facings. Honeywell sold asbestos-containing brake linings and brake blocks. The products contained processed chrysotile asbestos, the result of extensive refining of raw asbestos ore. The Fankhausers' claims included negligence, strict liability, breach of warranty, punitive damages, and, on behalf of Mary, loss of consortium.

Two defendants, Abex and Borg-Warner Morse Tec, Inc., filed motions for summary judgment, generally alleging that the Fankhausers failed to establish a jury question on whether the defendants were responsible for Paul's exposure by identifying certain products as being associated with each defendant. The court denied their motions.

Honeywell and Abex filed another series of motions for summary judgment, claiming that Iowa Code section 686B.7(5) limits liability to those who make or sell component parts that are the source of the asbestos exposure. The defendants highlight that raw asbestos is processed into chrysotile asbestos. And since neither defendant did the actual processing, they should not be held liable since they were using a product—the chrysotile—which was made by a third party. The district court agreed and granted summary judgment on November 19, 2020.

The Fankhausers moved to reconsider pursuant to Iowa Rule of Civil Procedure 1.904(2). The court denied the motion, finding that it raised no new facts or issues and was merely asking the court to reconsider a legal question that the court had ruled upon. The Fankhausers appeal.

**II. Standard of Review**

We review rulings on a motion for summary judgment and rulings on statutory interpretation issues presented for correction of errors at law. *Albaugh v. The Reserve*, 930 N.W.2d 676, 682 (Iowa 2019).

**III. Discussion**

The central issue on this appeal is one of statutory interpretation: Whether section 686B.7(5) limits the defendants' liability. That section states, "A defendant in an asbestos action or silica action shall not be liable for exposures from a

product or component part made or sold by a third party." The district court, without the benefit of appellate guidance, held that the section granted the defendants immunity from the suit. Indeed, the district court found that the section limits liability to companies who "mine, mill, refine, or process asbestos."

Since the district court rendered its decision, our supreme court filed an opinion interpreting the scope of section 686B.7(5). That decision, *Beverage v. Alcoa, Inc.*, 975 N.W.2d 670 (Iowa 2022), controls this appeal. The case involved claims brought by Larry Beverage against Iowa-Illinois Taylor Insulation, Inc. (IITI) for its role in installing insulation that contained asbestos at Alcoa, Inc.'s aluminum plant where Beverage was employed.[1] *Beverage*, 975 N.W.2d at 673. The district court granted summary judgment for the two defendants, finding that only the insulation manufacturer could be liable under section 686B.7(5) because it was a third party who had made and sold the asbestos containing products. *Id.* at 674. The court of appeals affirmed. *Id.*

After examining the broader state of asbestos litigation in the nation, our supreme court turned to the legislation that added chapter 686B to the Iowa Code. *See* 2017 Iowa Acts ch. 11 (codified at Iowa Code chs. 686A-686C (2018)). Despite "[t]he legislation [being], to some extent, modeled after legislation enacted in other states," section 686B.7(5) "is unique; no other state legislation includes a similar limitation on liability." *Beverage*, 975 N.W.2d at 677, 679.

The court found that, by examining "each term of the Statute on an almost granular level," the district court missed the broader context of the statute. *Id.* at

---

[1] Beverage also brought premise liability claims against Alcoa, although such claims are not relevant to the present appeal. *See Beverage*, 975 N.W.2d at 688.

679-81. In particular, by examining "product or component part" in isolation, the court missed that the statute was referring to the "component parts doctrine." *Id.* at 681. That reference was critical because it shifted the meaning of the statute from a broad bar on asbestos claims to one that resembled the "Bare Metal Defense." *Id.* at 682. That defense is "a specific application of the component-parts defense, which provides 'that a manufacturer has no duty to warn about potential dangers from exposure to a part of its product if the manufacturer did not make or distribute the part.'" *Id.* (quoting *Toxic Torts Litigation Guide* § 33:18).

Our supreme court, after examining a recent United States Supreme Court case involving the Bare Metal Defense, *Air & Liquid Sys. Corp. v. DeVries*, 139 S.Ct. 986 (2019), found that section 686B.7(5) tracked the broadest view of the defense as enunciated in *DeVries*:

> [If a defendant] did not itself make, sell, or distribute the part or incorporate the part into the product, the manufacturer is not liable for harm caused by the integrated product—even if the product required incorporation of the part and the manufacturer knew that the integrated product was likely to be dangerous for its intended uses.

*Beverage*, 975 N.W.2d at 683 (quoting *DeVries*, 139 S.Ct. at 993). Put another way, the statute's "very focus is on the part produced or sold by the defendant as compared to a part made or sold by a third party, limiting or eliminating liability for the manufacturer or seller whose product was not the dangerous part." *Id.* at 684.

In applying the statute to the facts at issue, the supreme court differed from the district court's analysis, which had determined that because the asbestos-containing insulation was made by a third party, IITI was not liable. *Id.* at 688. The supreme court clarified that such an outcome turned the disjunctive "made *or* sold" into a conjunctive, "made *and* sold." *Id.* Rather than taking such a limited view of

the statute, the court held that the statute was intended "to capture those in the line of distribution for the offending product or component part." *Id.* Ultimately, because IITI sold the insulation to Alcoa, the exposure was from a product sold by IITI, not a third party. *Id.* Therefore, section 686B.7(5) did not protect IITI from liability, and summary judgment was improper. *Id.*

Here, the district court sought to go one step further than the district court in *Beverage*, by finding that only mines, mills, or refineries could be held liable since they were the ones to initially make raw asbestos ore into a product—chrysotile. Thus, any later product which used the chrysotile was using a product made or sold by a third party.

We apply *Beverage* to find that the district court improperly interpreted the statute. Honeywell and Abex sold asbestos-containing products such as friction brakes, drum brake linings, and brake pads to Paul Fankhauser's employer. Thus, the defendants, not third parties, made or sold the asbestos-containing products that resulted in Paul's exposure and are not protected by section 686B.7(5). *See id..* Summary judgment was improper.[2]

**REVERSED.**

---

[2] Because we find the district court erred on its interpretation of the statute in its ruling on summary judgment, we need not consider the Fankhausers' claim involving the motion to reconsider.